# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| WYATT N. REDFOX,<br><br>    Plaintiff,<br><br>  v.<br><br>BRANDON JONES, *et al.*,<br><br>    Defendants. | Case No. 3:21-cv-00005-SLG-MMS |

## SCREENING ORDER

  Frank Wyatt N. Redfox, representing himself, filed a Civil Rights Complaint, under 42 U.S.C. § 1983, and a Prisoner's Application to Waive Prepayment of the Filing Fee, under 28 U.S.C. § 1915, and has now submitted the required certified prison account statement.[1]

  Mr. Redfox claims that he is "being deprived of [his] right to access to law library materials; access to court; right to be protected from cruel and unusual punishment; equal protection; and placed in inhumane overcrowding conditions … [and] the right to due process."[2] Within the body of the Complaint, however, Mr. Redfox only addresses his claims of access to the courts (law library), and overcrowding.

---

[1] Dockets 1, 2, 9; *see also* 28 U.S.C. § 1915(a)(2).

[2] Docket 1 at 5.

To his Complaint, Mr. Redfox attaches a proposed "order to show cause for a preliminary injunction & temporary restraining order." He has not, however, filed a motion accompanying his proposed order, but relies upon his Complaint and 66 pages of Exhibits.[3] At this point, it is premature to require the Defendants to respond to any filing by Mr. Redfox.

## SCREENING REQUIREMENT

Federal law requires a court to conduct an initial screening of a civil complaint filed by a self-represented prisoner who seeks to waive prepayment of the filing fee. In this screening, the Court shall dismiss the case if it determines that the action:

> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.[4]

To determine whether a complaint states a valid claim for relief, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[5] In conducting its

---

[3] Dockets 1-1, 4.

[4] 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(a), (b).

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).

Case No. 3:21-cv-00005-SLG-MMS, *Redfox v. Jones, et al.*
Screening Order
Page 2 of 9
Case 3:21-cv-00005-SLG-MMS   Document 10   Filed 04/27/21   Page 2 of 9

review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[6] Before a court may dismiss any portion of a complaint for failure to state a claim upon which relief may be granted, the court must provide the plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[7]

## DISCUSSION

"Title 42 U.S.C. § 1983, provides a remedy for deprivations of rights secured by the Constitution and laws of the United States when that deprivation takes place 'under color of any [law] ... of any State or Territory….'"[8] This federal statute "is not itself a source of substantive rights," but provides "a method for vindicating rights [found] elsewhere."[9] Under § 1983, a plaintiff must "plead that (1) the

---

[6] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[7] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[8] *Lugar v. Edmondson Oil, Co.*, 457 U.S. 922, 924 (1982) (citing § 1983); *see also* U.S. Const. amend. XIV ("No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.").

[9] *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

Case No. 3:21-cv-00005-SLG-MMS, *Redfox v. Jones, et al.*
Screening Order
Page 3 of 9
Case 3:21-cv-00005-SLG-MMS   Document 10   Filed 04/27/21   Page 3 of 9

defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes."[10]

## I. Access to the Courts

Although prisoners have a federal constitutional right to access the courts,[11] prison officials may select the *method* to ensure that prisoners have the ability to file suit.[12] The right to court access "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."[13] In order to establish a violation of the right to access the courts, a prisoner must sufficiently plead an *actual injury* that that shows "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim."[14]

Mr. Redfox will be permitted to re-file this claim, if it applies to him, stating the actual injury he suffered as a result of a specific action by an individual. Then, if he wishes to use any of the exhibits filed at Docket 4 in support, he must refer to the specific page numbers of the documents, which are being sent to him with this

---

[10] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[11] *Entler v. Gregoire*, 872 F.3d 1031, 1039 (9th Cir. 2017); *see also Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005).

[12] *Lewis v. Casey*, 518 U.S. 343, 346 (1996).

[13] *Bounds v. Smith*, 430 U.S. 817, 821 (1977).

[14] *Lewis*, 518 U.S. at 349.

Case No. 3:21-cv-00005-SLG-MMS, *Redfox v. Jones, et al.*
Screening Order
Page 4 of 9
Case 3:21-cv-00005-SLG-MMS   Document 10   Filed 04/27/21   Page 4 of 9

Order. However, Mr. Redfox may not use the documents to state his claims for him. He must state each claim, alleging facts against a Defendant, on the Court's form being provided. He need not re-file the documents at Docket 4.

## II. Overcrowding

To state a claim that the conditions of imprisonment violate the Eighth Amendment's prohibition on cruel and unusual punishment, Mr. Redfox must allege that a specific individual was deliberately indifferent to his basic human needs, such as food, clothing, shelter, medical care or safety.[15] Overcrowding alone does not constitute a violation of the Eighth Amendment.[16] Rather, overcrowding must give rise to some condition which objectively can be said to deprive Mr. Redfox of the minimal civilized measure of life's necessities.[17] Mr. Redfox must state facts showing specifically how overcrowding has injured him.

---

[15] *See Wilson v. Seiter,* 501 U.S. 294, 302–03 (1991); *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981).

[16] *Chapman,* 452 U.S. 346–48.

[17] *Wilson,* 501 U.S. at 298; *Chapman,* 542 U.S. at 347; *see also Maney v. Brown,* ___ F.3d ___, 2021 WL 354384, at *12 (D. Ore. Feb. 2, 2021) ("Courts have also long recognized that prison officials have an Eighth Amendment duty to protect inmates from exposure to communicable diseases. *See, e.g., Helling*, 509 U.S. [25,] 33 [(1993)] (finding prison officials may not 'be deliberately indifferent to the exposure of inmates to a serious, communicable disease'); *Hutto v. Finney*, 437 U.S. 678, 682-83 … (1978) (affirming a finding of an Eighth Amendment violation where a facility housed individuals in crowded cells with others suffering from infectious diseases, such as Hepatitis and venereal disease, and the individuals' 'mattresses were removed and jumbled together each morning, then returned to the cells at random in the evening'); *Andrews v. Cervantes*, 493 F.3d 1047, 1050 (9th Cir. 2007) (recognizing a cause of action under the Eighth Amendment and 42 U.S.C. § 1983 for an alleged policy of not screening inmates for infectious diseases—HIV, Hepatitis C, and Heliobacter pylori—and for housing

Case No. 3:21-cv-00005-SLG-MMS, *Redfox v. Jones, et al.*
Screening Order
Page 5 of 9
Case 3:21-cv-00005-SLG-MMS   Document 10   Filed 04/27/21   Page 5 of 9

## III. Stating a Claim for Relief

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief." A complaint should set out each claim for relief separately. Each claim should identify (1) the specific harm that Mr. Redfox alleges he has suffered, (2) when that harm occurred, (3) where that harm was caused, (4) who caused that specific harm to him, and (5) what specific statute or constitutional provision was violated as to that specific claim.

To properly state a claim, Mr. Redfox needs to explain what happened regarding each legal claim he makes. He may not refer only to his exhibits or other supporting documents to state his claims. Mr. Redfox does not need to make legal arguments. Mr. Redfox needs to allege *facts*, stating who and what he believes harmed him, and how. The claims in a complaint should have some relationship to each other, rather than "bring[ing] every conceivable claim against every conceivable defendant."[18]

---

contagious and healthy individuals together during a known 'epidemic of hepatitis C')") (further citations omitted).

[18] *Gurman v. Metro Hous. & Redevelopment Auth.*, 842 F.Supp.2d 1151, 1153 (D. Minn. 2011) (A pleading is often characterized as a "shotgun" or "kitchen-sink" complaint when "a plaintiff brings every conceivable claim against every conceivable defendant.") (footnote omitted); *see also, e.g., In re New Century*, 588 F.Supp.2d 1206, 1218-19 (C.D. Calif. 2008) (The Court states that it "will not hesitate to dismiss long, unwieldy pleadings…. Neither courts nor defendants should have to wade through the morass of 'puzzle pleadings' as this wastes judicial resources and undermines the requisite notice for a defendant to respond.") (citation omitted).

Case No. 3:21-cv-00005-SLG-MMS, *Redfox v. Jones, et al.*
Screening Order
Page 6 of 9
Case 3:21-cv-00005-SLG-MMS   Document 10   Filed 04/27/21   Page 6 of 9

Therefore, **IT IS HEREBY ORDERED:**

1. The Complaint, at Docket 1, is DISMISSED without prejudice.

2. On or before **May 27, 2021**, Mr. Redfox must file *one* of the following:

    a. <u>First Amended Complaint</u>, in which Mr. Redfox restates all cognizable claims to the Court, against appropriate individuals, correcting the deficiencies explained in this Order; *OR*

    b. <u>Notice of Voluntary Dismissal</u>, which informs the Court that Mr. Redfox no longer wishes to pursue his lawsuit and voluntarily dismisses the entire action without prejudice.

3. If Mr. Redfox does not file either a First Amended Complaint, or a Notice of Voluntary Dismissal, on one of the Court's forms, by **May 27, 2021,** this case may be DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915(e)(2)(B). Such a dismissal will count as a "strike" against Mr. Redfox under § 1915(g).[19]

4. A First Amended Complaint *must be on this Court's form*, which is being provided to Mr. Redfox with this Order. Any amended complaint will entirely replace the initial Complaint.[20] Mr. Redfox must include all related claims

---

[19] 28 U.S.C. § 1915(g) prohibits a prisoner who files more than three actions or appeals in any federal court in the United States which are dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, from bringing any other actions without prepayment of fees unless the prisoner can demonstrate that he or she is in "imminent danger of serious physical injury."

[20] *See* Fed. R. Civ. P. 15; Local Civil Rule 15.1.

Case No. 3:21-cv-00005-SLG-MMS, *Redfox v. Jones, et al.*
Screening Order
Page 7 of 9
Case 3:21-cv-00005-SLG-MMS   Document 10   Filed 04/27/21   Page 7 of 9

he seeks to bring. Any claims not included in an amended complaint are waived.

5. The Application to Waive Prepayment of the Filing Fee, at Docket 2,[21] is **DEFERRED**. No money will be taken from Mr. Redfox's prison account unless and until he decides that he intends to proceed with this case.

6. At all times, Mr. Redfox must keep the Court informed of any change of address. Such notice shall be titled "NOTICE OF CHANGE OF ADDRESS." This notice must not include any requests for any other relief, and it must be served on any Defendant's attorney who makes an appearance in this case. Failure to file a notice of change of address may result in the dismissal of this case under Rule 41(b) of the Federal Rules of Civil Procedure.

7. The Clerk of Court is directed to send Mr. Redfox the following forms with this Order: (1) form PS01, with "FIRST AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act";[22] (2) form PS09, Notice of Voluntary Dismissal; (3) form PS23, Notice of Change of Address; and

---

[21] *See also* Docket 9 (certified prison account statement).

[22] In any amended complaint, Mr. Redfox must write the names of every defendant in the caption, on page 1 of the complaint form, and he must complete page 2, listing every defendant and providing all the requested information for each defendant.

Case No. 3:21-cv-00005-SLG-MMS, *Redfox v. Jones, et al.*
Screening Order
Page 8 of 9
Case 3:21-cv-00005-SLG-MMS   Document 10   Filed 04/27/21   Page 8 of 9

(5) the District Court's handbook, "REPRESENTING YOURSELF IN ALASKA'S FEDERAL COURT."

DATED this 27th day of April, 2021 at Anchorage, Alaska.

                               */s/ Matthew M. Scoble*
                               U.S. MAGISTRATE JUDGE

Case No. 3:21-cv-00005-SLG-MMS, *Redfox v. Jones, et al.*
Screening Order
Page 9 of 9
Case 3:21-cv-00005-SLG-MMS   Document 10   Filed 04/27/21   Page 9 of 9