UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| WYATT N. REDFOX,<br><br>      Plaintiff,<br><br>v.<br><br>BRANDON JONES, *et al.*,<br><br>      Defendants. | Case No. 3:21-cv-00005-SLG-MMS<br><br>**REPORT AND RECOMMENDATION REGARDING SECOND AMENDED COMPLAINT [Docket 18]** |

## I. PROCEDURAL BACKGROUND

After Wyatt N. Redfox, representing himself while incarcerated, filed his initial Complaint, an Application to Waive Prepayment of the Filing Fee, and the required certified prison account statement, the Court screened the case as required by 28 U.S.C. § 1915(e)(2)(B).[1]

In its first Screening Order, the Court explained that, to state a claim for relief for the denial of access to the courts, a plaintiff must be able to state facts showing that he or she suffered an actual injury; that is, the plaintiff must show "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim."[2] Mr. Redfox was "permitted to re-file

---

[1] Dockets 1, 2, 9, 10.

[2] Docket 10 at 4 (quoting *Lewis v. Casey*, 518 U.S. 343, 349 (1996)).

this claim, if it applies to him, stating the actual injury he suffered as a result of a specific action by an individual."[3]

Mr. Redfox was informed of the requirements for stating a claim for relief under Federal Rule of Civil Procedure 8, and was permitted to amend on the Court's form, which was sent to him with the Screening Order.[4] Mr. Redfox was informed that an "amended complaint will entirely replace the initial Complaint," and that "[a]ny claims not included in an amended complaint are waived."[5]

On May 25, 2021, Mr. Redfox filed an Amended Complaint, albeit not on the Court's form,[6] followed by a motion for a laptop, and a motion for service.[7] The Court again screened the pleading, as required, and issued its Second Screening Order on July 13, 2021.[8] In the Second Screening Order, the Court explained that prisoners do not have a "separate constitutional entitlement" to specific prison

---

[3] *Id*. at 4. Mr. Redfox was also told of other deficiencies in the Complaint, *id*. at 5, which were not brought in the Second Amended Complaint, now before the Court.

[4] *Id*. at 6-8 (citations omitted).

[5] *Id*. at 7-8 (citing Fed. R. Civ. P. 15; Local Civil Rule 15.1).

[6] Docket 12.

[7] Dockets 13, 15.

[8] Docket 17; *see also* 28 U.S.C. § 1915(e)(2)(B). Mr. Redfox's motions were denied in the order.

*Redfox v. Jones, et al.*
3:21-cv-00005-SLG-MMS
R&R re: Second Amended Complaint
Page 2
Case 3:21-cv-00005-SLG-MMS   Document 20   Filed 08/31/21   Page 2 of 10

grievance procedures, and a prison official's handling of an inmate's grievances, without more, cannot form a basis for liability under § 1983.[9]

The Court addressed the federal constitutional right to access the courts, again explaining that prison officials may select the methods to ensure that prisoners have the ability to file suit.[10] The Court reminded Mr. Redfox that he must show that he suffered actual prejudice, as previously explained.[11]

Mr. Redfox was again told how to state a claim under Federal Civil Rule 8, and was permitted to file a Second Amended Complaint on the Court's form,[12] again being reminded that any "amended complaint will entirely replace the initial Complaint," and that "[a]ny claims not included in an amended complaint are waived."[13]

## II. SECOND AMENDED COMPLAINT

In Mr. Redfox's Second Amended Complaint, filed on August 17, 2021, he brings claims against Brandon Jones, former Superintendent of the Anchorage

---

[9] Docket 17 at 5 (quoting *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (citation omitted); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.1988) (order) (no due process right to a prison grievance procedure, and failure to process inmate grievances is not a due process violation)).

[10] *Id*. at 5-6 (citing *Lewis*, 518 U.S. at 346).

[11] *Id*. at 6 (citations omitted). Additional deficiencies explained to Mr. Redfox, *id*. at 6-7, involved claims which were not brought in the Second Amended Complaint, now at issue.

[12] *Id*. at 7-9.

[13] *Id*. at 8-9 (citing Fed. R. Civ. P. 15; Local Civil Rule 15.1).

*Redfox v. Jones, et al.*
3:21-cv-00005-SLG-MMS
R&R re: Second Amended Complaint
Page 3
Case 3:21-cv-00005-SLG-MMS   Document 20   Filed 08/31/21   Page 3 of 10

Correctional Complex, in his official capacity[,] for injunctive relief; Samual Medlock, Facility Standards Officer, in his official capacity[,] for injunctive relief; and "Jane Doe 'C.O. Hodges,'" in her personal capacity[,] for money damages.[14]

In Claim 1, Mr. Redfox alleges that, on September 18, 2020, Brandon Jones violated his right to meaningful access to legal reference materials. Mr. Redfox asserts that he submitted an appeal to the Superintendent on September 15, 2020, requesting "4 computers on unit with Microsoft Office to prepare legal documents, email to send documents to court and related parties, and a digital Portable Document Format (P.D.F.) with 18 minimal law books under 22 A.A.C. 05.540(a)."[15] Mr. Redfox states that his "Appeal Screening of [his] grievance was denied as 'not a grievable topic,' and [that it] otherwise stipulate[ed] [to] Samual Medlock's … acts to styme [*sic*] [his] request for relief to address the technical difficulties of the digital law library to minimize legal injury to prisoner Constitutional Rights to meaningful access to court and court reference materials."[16]

In Claim 2, Mr. Redfox states that, on September 12, 2020, his right to meaningful access to legal reference materials was violated by Samual Medlock, who responded to his grievance, as described in Claim 1, as "'not a grievable issue,' and claimed that [Mr. Redfox] ha[d] not submitted the 'grievance form [ ]

---

[14] Docket 18 at 1-2.

[15] *Id*. at 3.

[16] *Id*.

*Redfox v. Jones, et al.*
3:21-cv-00005-SLG-MMS
R&R re: Second Amended Complaint
Page 4
Case 3:21-cv-00005-SLG-MMS   Document 20   Filed 08/31/21   Page 4 of 10

completely,' and [gave] him 3 days to submit a Screening Appeal on the issue of the digital law library's technical defects and [his] requested remedies."[17] Mr. Redfox again requests "relief to address the technical difficulties of the digital law library to minimize legal injury to prisoner Constitutional Rights to meaningful access to court and court reference materials."[18]

In Claim 3, Mr. Redfox asserts that, on August 16, 2020, his right to meaningful access to legal reference materials was violated by "Jane Doe 'C.O. Hodges,'" after he "submitted a 'Request for Interview' to 'standards' requesting to have 4 computers on the Unit where prisoners interact out of their cells."[19] Mr. Redfox requested that the computers include the functions and materials described in the first two claims for relief, with a more detailed list of materials, "to supplement the technical internet difficulties making meaningful access to court materials impossible, and minimize an inadequate law library possibility. However, … C.O. Hodges ripped documents around 11:16 PM … frustrating or impeding [the] relief request."[20]

---

[17] *Id*. at 4.

[18] *Id*.

[19] *Id*. at 5.

[20] *Id*.

*Redfox v. Jones, et al.*
3:21-cv-00005-SLG-MMS
R&R re: Second Amended Complaint
Page 5
Case 3:21-cv-00005-SLG-MMS   Document 20   Filed 08/31/21   Page 5 of 10

## III. SCREENING REQUIREMENT

Federal law requires a court to conduct an initial screening of a civil complaint filed by a self-represented prisoner who seeks to waive prepayment of the filing fee. In this screening, the Court shall dismiss the case if it determines that the action:

> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.[21]

To determine whether a complaint states a valid claim for relief, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[22] In conducting its review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[23] Before a court may dismiss any portion of a complaint for failure to state a claim upon which relief may be granted, the

---

[21] 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(a), (b).

[22] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).

[23] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

*Redfox v. Jones, et al.*
3:21-cv-00005-SLG-MMS
R&R re: Second Amended Complaint
Page 6
Case 3:21-cv-00005-SLG-MMS   Document 20   Filed 08/31/21   Page 6 of 10

court must provide the plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[24] The Court has provided such opportunities to Mr. Redfox.

### IV. ANALYSIS

For the reasons explained below, this Court concludes that Mr. Redfox is unable to state a claim for relief for the violation of his right to meaningful access to the courts, and that this case should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Inmates have a fundamental constitutional right of access to the courts, under the First and Fourteenth Amendments, to litigate their claims "without *active interference* by prison officials."[25] That right, however, is the right to bring a court claim, and is limited to criminal appeals, habeas petitions, and civil rights actions.[26] The right of access to the courts "does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims."[27]

---

[24] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[25] *Silva v. Di Vittorio*, 658 F.3d 1090, 1103 (9th Cir. 2011) (emphasis original), *overruled on other grounds as stated in Richey v. Dahne*, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015).

[26] *Lewis v. Casey*, 518 U.S. 343, 354 (1996).

[27] *Id.* at 355.

*Redfox v. Jones, et al.*
3:21-cv-00005-SLG-MMS
R&R re: Second Amended Complaint
Page 7
Case 3:21-cv-00005-SLG-MMS   Document 20   Filed 08/31/21   Page 7 of 10

To successfully bring a claim, the plaintiff must have suffered an actual injury by being denied access to the courts.[28] Further, "[a] plaintiff may not pursue a claim for denial of access to the courts based merely on the failure of staff to respond to his grievances in a particular way or based on the rejection of his grievances; prisoners have no constitutional rights to the handling of grievances in any particular manner."[29]

Although prisoners have a federal constitutional right to access the courts,[30] prison officials may select the *method* to ensure that prisoners can file suit.[31] The right to court access, for instance, "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."[32]

> A prisoner contending that his right of access to the courts was violated because of inadequate access to a law library must establish two things: First, he must show that the access was so limited as to be unreasonable. Second, he must show that the inadequate access

---

[28] *Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *Lewis*, 518 U.S. at 351.

[29] *Miller v. as Vegas Metropolitan Police Dept.*, 2021 WL 3216460, at *2 (D. Nev. July 28, 2021) (slip op.) (citing *Mann v. Adams*, 640 (9th Cir. 1988); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003)).

[30] *Entler v. Gregoire*, 872 F.3d 1031, 1039 (9th Cir. 2017); *see also Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005).

[31] *Lewis v. Casey*, 518 U.S. at 346.

[32] *Bounds v. Smith*, 430 U.S. 817, 821 (1977).

*Redfox v. Jones, et al.*
3:21-cv-00005-SLG-MMS
R&R re: Second Amended Complaint
Page 8
Case 3:21-cv-00005-SLG-MMS   Document 20   Filed 08/31/21   Page 8 of 10

caused him actual injury, *i.e.,* show a "specific instance in which [he] was actually denied access to the courts."[33]

Despite the explanations in the Court's two previous orders, Mr. Redfox has not asserted that he has suffered any legal consequences from law library inadequacies "such as the inability to meet a filing deadline or to present a claim."[34] Instead, Mr. Redfox states that he wishes to "minimize legal injury" to prisoners' rights,[35] and to "minimize an inadequate law library possibility."[36] These generalized possibilities do not rise to the level of a constitutional claim.

Although the Court need not, therefore, reach the question of whether access to the courts was so limited as to be unreasonable, the Court takes judicial notice[37] that the several lawsuits brought in federal and state court by Mr. Redfox indicate that his access has not been so limited.[38]

---

[33] *Vandelft v. Moses*, 31 F.3d 794, 797 (9th Cir. 1994) ("As in this case, the district court considering the inmate's claim may find it more convenient to address the adequacy of the allegation or showing of actual injury prior to deciding whether the access was adequate." *Id.* at n. 2) (citation omitted).

[34] *Lewis v. Casey*, 518 U.S. at 349.

[35] Docket 18 at 3, 4.

[36] *Id.* at 5.

[37] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact" *Black's Law Dictionary* (11th ed. 2019); *see also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n. 3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (citation omitted); *see also* Fed. R. Evid. 201.

[38] *See Redfox v. Klein, et al.*, 3:21-cv-00143-JMK; *Redfox v. State of Alaska*, 3:21-cv-00095-RRB; *Redfox v. Doe, et al.*, 3:21-cv-00004-SLG-MMS; *see also Wyatt N. Redfox*

*Redfox v. Jones, et al.*
3:21-cv-00005-SLG-MMS
R&R re: Second Amended Complaint
Page 9
Case 3:21-cv-00005-SLG-MMS   Document 20   Filed 08/31/21   Page 9 of 10

# VI. CONCLUSION

Therefore, this Court recommends that this case be DISMISSED, under 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief can be granted.

DATED this 31st day of August, 2021, at Anchorage, Alaska.

                                    /s/ Matthew M. Scoble
                                    MATTHEW M. SCOBLE
                                    United States Magistrate Judge

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Any party may file written objections with the court no later than **CLOSE OF BUSINESS, SEPTEMBER 14, 2021**. Such a document should be captioned "Objections to Final Report and Recommendations." Response(s) to the objections shall be filed on or before **CLOSE OF BUSINESS** on **SEPTEMBER 21, 2021**. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

---

*v. State of Alaska*, 4BE-21-00220CI (6/23/21 application for post-conviction relief, referencing criminal case number 4EM-18-207CR); *Wyatt N. Redfox v. State of Alaska*, 4BE-21-00089CI (3/30/21 application for post-conviction relief, referencing criminal case number 4EM-18-00050CR).

*Redfox v. Jones, et al.*
3:21-cv-00005-SLG-MMS
R&R re: Second Amended Complaint
Page 10
Case 3:21-cv-00005-SLG-MMS   Document 20   Filed 08/31/21   Page 10 of 10