# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

WYATT N. REDFOX,

        Plaintiff,

    v.

BRANDON JONES, *et al.*,

        Defendant.

Case No. 3:21-cv-00005-SLG-MMS

## ORDER RE REPORT AND RECOMMENDATION

    Before the Court at Docket 18 is Plaintiff Redfox's *Second or Subsequent Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983*. At Docket 20, the Honorable Magistrate Judge Matthew M. Scoble issued his Report and Recommendation, in which he recommended that the amended complaint be dismissed pursuant to 28 U.S.C. § 1915 (e)(2)(B)(ii) because Mr. Redfox failed to state a claim upon which relief can be granted. Mr. Redfox filed objections to the Report and Recommendation at Docket 21.

    The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1). That statute provides that a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[1] A court is to "make a de novo determination of those portions of the magistrate judge's report

---

[1] 28 U.S.C. § 636(b)(1).

or specified proposed findings or recommendations to which objection is made."[2] But as to those topics on which no objections are filed, "[n]either the Constitution nor [28U.S.C. § 636(b)(1)] requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct."[3]

The magistrate judge recommended that the Court dismiss the *Second or Subsequent Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983*. The Court has reviewed the record de novo and the Report and Recommendation and agrees with its analysis. Despite being instructed twice on the requirements to state a viable cause of action, Mr. Redfox has not been able to do so. As such, it appears that further opportunity to amend would be futile. Notably, in his objections, Mr. Redfox writes about the needs of all inmates at the ACC. However, it is "well established that the privilege to represent oneself pro se provided by [28 U.S.C.] § 1654 is personal to the litigant and does not extend to other parties or entities." *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008).

Accordingly, the Court adopts the Report and Recommendation in its entirety, and IT IS ORDERED that amended complaint is DISMISSED without leave to amend. The Clerk of Court is directed to enter a final judgment accordingly.

---

[2] *Id.*

[3] *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").

Case No. 3:21-cv-00005-SLG-MMS, *Redfox v. Jones*
Order re Report and Recommendation
Page 2 of 3

Case 3:21-cv-00005-SLG-MMS   Document 22   Filed 10/01/21   Page 2 of 3

DATED this 1st day of October, 2021, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:21-cv-00005-SLG-MMS, *Redfox v. Jones*
Order re Report and Recommendation
Page 3 of 3
Case 3:21-cv-00005-SLG-MMS   Document 22   Filed 10/01/21   Page 3 of 3